**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **I.D. No. 30103873DI** |
| | ) | |
| **JOSEPH FOLKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Date Submitted: September 4, 2019*
*Date Decided: September 25, 2020*

**MEMORANDUM OPINION**

*Upon Consideration of Defendant's Motion for Postconviction Relief*
***DENIED***

**DAVIS, J.**

## I. INTRODUCTION

This is a criminal case after conviction. Defendant Joseph Folks (*aka* Joe Louis Folks Jr.-Bey) filed his eighth motion for Postconviction Relief (the "Eighth Motion") on September 4, 2019. Through the Eighth Motion, Mr. Folks seeks postconviction relief under Superior Court Criminal Rule 61 ("Criminal Rule 61") as to his 1993 trial, his trial counsel and the subsequent appeal. Mr. Folks makes substantially similar arguments in the Eighth Motion that he has made in previous requests for relief under Criminal Rule 61.

For the reasons set forth below, and after considering the Eighth Motion and the entire record of this criminal case, the Court will **SUMMARILY DISMISS** the Eighth Motion.

## II. BACKGROUND

Mr. Folks was convicted of two counts of unlawful sexual intercourse in 1993 and the mandate affirming the conviction was issued in 1994.

Since Mr. Folks' conviction became final in June of 1994, Mr. Folks has filed (8) motions for postconviction relief under Criminal Rule 61.

Mr. Folks filed his fifth motion for postconviction relief (the "Fifth Motion") on December 19, 2012. In response to the Fifth Motion, a Commissioner prepared a Commissioner's Report and Recommendation (the "Report"). The Report recommended denial of the Fifth Motion. The Report also determined that Mr. Folks was abusing the Criminal Rule 61 procedure. As such, the Report recommended that the Court no longer accept Criminal Rule 61 motions from Mr. Folks unless approved by the Court prior to Mr. Folks filing the motion (the "Prior Approval Requirement"). On February 1, 2013, the Court adopted the Report and denied the Fifth Motion.

On March 25, 2013, Mr. Folks filed his sixth motion for postconviction relief (the "Sixth Motion"). In the Sixth Motion, Mr. Folks claimed that a recent Delaware Supreme Court case created a new constitutional right. The Court rejected Mr. Folks' argument. The Court also denied the Sixth Motion because Mr. Folks violated the Prior Approval Requirement in that Mr. Folks failed to obtain the Court's permission before filing the Sixth Motion.

On November 14, 2014, Mr. Folks filed a letter with the Court. In that letter, Mr. Folks argued that the Court lacked jurisdiction over Mr. Folks and his conduct. In a letter dated January 12, 2015, the Court responded to Mr. Folks' argument, denying the request based on a recent Delaware Supreme Court case which held that, in cases similar to Mr. Folks' case, the Court did have jurisdiction. Further, the Court reiterated that "you have abused your right to file post-conviction motions and no further motions will be docketed without first being reviewed by the Court."[1]

---

[1] D.I. 87.

On November 17, 2017, Mr. Folks filed his seventh motion for postconviction relief (the "Seventh Motion"). In the Seventh Motion, Mr. Folks' claims related to pre-trial counsel, trial counsel, prosecutorial misconduct during trial, abuse of judicial discretion before trial, and due process violations during trial.[2] Prior to filing the Seventh Motion, Mr. Folks failed to abide by the procedures set out in the Prior Approval Requirement. The Court denied the Seventh Motion because of Mr. Folks' failed to abide by the Prior Approval Requirement. In addition, the Court stated that it would reject or summarily dismiss any future motions for postconviction relief without addressing the arguments raised in the motions unless approved by the Court prior to filing the motions.

On September 4, 2019, Mr. Folks filed his Eighth Motion. In the Eighth Motion, Mr. Folks' claims relate to ineffective assistance of pre-trial counsel, trial counsel, and appellate counsel, as well as a violation of his 4th Amendment Rights relating to his arrest procedures. Prior to filing the Eighth Motion, Mr. Folks failed to adhere to the Prior Approval Requirement.

## III. LEGAL STANDARD

Before addressing the merits of a Criminal Rule 61 motion for postconviction relief, the Court must first determine whether Mr. Folks has satisfied the procedural requirements of Criminal Rule 61.[3] Criminal Rule 61(i) establishes four procedural bars to postconviction relief: (1) a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final; (2) any ground for relief not asserted in a prior postconviction proceeding is barred; (3) any ground for relief not asserted in the proceedings leading to the judgment of conviction is barred; and (4) any ground for relief previously adjudicated in any proceeding is

---

[2] D.I. 92.
[3] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

3

barred.[4]

Additionally, Criminal Rule 61(i)(2) provides that "[n]o second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of Criminal Rule 61(d)(2)(i)-(ii). Further, the rule provides that "any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. [A] Court . . . shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of [Criminal Rule 61(d)(2)(i)-(ii)]."

The procedural bars contained in Criminal Rule 61(i)(1)-(4) are inapplicable only if there is a means by which to do so in the applicable subsection of Criminal Rule 61.[5] Criminal Rule 61(i)(5) provides reprieve from the procedural bars described in Rule 61(i)(1)-(4).[6] Under Criminal Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[7] The subparts in Criminal Rule 61(d)(2) require a movant:

(i)      pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)     pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

---

[4] Super. Ct. Crim. R. 61(i).
[5] *State v. MacDonald,* 2007 WL 1378332, *4 (Del. Super. May 9, 2007).
[6] *Id.*
[7] Super. Ct. Crim. R. 61(i)(5).
[8] Super. Ct. Crim. R. 61(d)(2).

4

## IV. DISCUSSION

a. **THE COURT IS SUMMARILY DISMISSING THE EIGHTH MOTION BECAUSE MR. FOLKS FAILED TO ABIDE BY THE PRIOR APPROVAL REQUIREMENT.**

The Court is summarily dismissing the Eighth Motion for failing to satisfy the Prior Approval Requirement. The Court imposed the Prior Approval Requirement as a procedural bar to Mr. Folks filing Criminal Rule 61 motions. On January 3, 2013, the Commissioner issued the Report. The Report "recommended that, based on Mr. Folk's 'abuse' of the Rule 61 procedure, the Court would no longer accept Rule 61 motions from Mr. Folks unless first approved by the Court."[9] The Court adopted the Report containing the Prior Approval Requirement on February 1, 2013.[10]

Mr. Folks was informed of the Prior Approval Requirement on at least three occasions.[11] The Court adopted the Prior Approval Requirement in its ruling on the Mr. Folks' Fifth Motion for postconviction relief. Mr. Folks disregarded the Prior Approval Requirement when he filed his Sixth Motion. The Court, in part, denied the Sixth Motion based on Mr. Folks' failure to abide by the Prior Approval Requirement.[12] The Court then reiterated the Prior Approval Requirement in a letter to Mr. Folks on January 12, 2015.

On November 17, 2017, Mr. Folks filed the Seventh Motion. Mr. Folks did not seek or obtain the Court's permission prior to filing the Seventh Motion. Mr. Folks' failure to satisfy the Prior Approval Requirement before filing the Seventh Motion constituted a basis for denying the relief requested in the Seventh Motion.

On September 4, 2019, Mr. Folks filed the Eighth Motion. Again, Mr. Folks did not seek

---

[9] *State v. Folks*, 2013 WL 3357127, at *1 (Del. Super. June 19, 2013).
[10] D.I. 80.
[11] D.I. 80, 82, 87.
[12] *State v. Folks*, 2013 WL 3357127, at *1 (Del. Super. June 19, 2013).

or obtain the Court's permission prior to filing the Eighth Motion.  Mr. Folks' repeated failure to abide by the Prior Approval Requirement before seeking relief under Criminal Rule 61 constitutes a basis for denying the relief requested in the Eighth Motion.

**b. ALTERNATIVELY, THE COURT IS SUMMARILY DISMISSING THE EIGHTH MOTION BECAUSE THE EIGHTH MOTION IS PROCEDURALLY BARRED UNDER CRIMINAL RULE 61(i).**

Mr. Folks is also procedurally barred from raising the Eighth Motion.  Under Criminal Rule 61(i)(1), a defendant must file a motion for postconviction relief within one year of final judgment of conviction or within one year of the Supreme Court or Delaware Supreme Court recognizing a new retroactively applied constitutional right.  In this case, Mr. Folks' judgment became final in June 1994.  Mr. Folks failed to file the Eighth Motion within one year of final judgment.  Further, Mr. Folks does not assert a newly recognized constitutional right in the Eighth Motion.

Next, Mr. Folks is procedurally barred under Criminal Rule 61(i)(2).  The Eighth Motion is successive and does not relate to an issue that could not have been raised in previous motions.  Mr. Folks' claims relate to ineffective assistance of pretrial counsel, trial counsel, appellate counsel, and also violation of 4th Amendment Rights during arrest procedures.[13]  The Eighth Motion is not permitted because it does not fall into an exception through Criminal Rule 61(d)(2).  As such, Mr. Folks' Eighth Motion is barred under Criminal Rule 61(i)(2).

Mr. Folks' claims are similarly barred under Criminal Rule 61(i)(4).  Mr. Folks has filed seven other motions for postconviction relief with the Court.  In the previous motions, Mr. Folks made substantially similar claims.[14]  The Court rejected substantially similar claims and found

---

[13] In fact, Mr. Folks has already raised substantially similar claims in previous motions for postconviction relief and direct appeals.

[14] In Mr. Folks' third motion for postconviction relief, he alleged: "(1) lack of jurisdiction based upon improper indictment; (2) actual innocence based upon suppression of favorable evidence; (3) ineffective assistance of counsel;

6

that Mr. Folks did not meet the standard for ineffective assistance of counsel.[15]

Finally, the Criminal Rule 61(d)(2) exceptions to procedural bars under Criminal Rule 61(i)(1)-(4) are inapplicable in this case. Mr. Folks does not claim that the Court lacked jurisdiction, or that he has new evidence that creates a strong inference that Mr. Folks is actually innocent. Further, Mr. Folks does not contend that there is a new constitutional rule of law, made retroactive, that applies to Mr. Folks' case.[16] As such, the Eighth Motion is procedurally barred under Criminal Rule 61.

## V. CONCLUSION

Criminal Rule 61 mandates that all grounds for postconviction relief be stated in the first motion, and that subsequent motions may only include matters unable to be addressed by appeal or previous motion for postconviction relief. Mr. Folks' Eighth Motion contains claims for relief that were addressed—or could have been addressed—in a previous motion, and are deemed successive insofar as his Eighth Motion pertained to those grounds.

Mr. Folks does not plead with particularity that new evidence creates a strong inference that he is innocent or that a new rule of constitutional law applies retroactively to invalidate his sentence. Instead, Mr. Folks makes claims of ineffective assistance of counsel and claims regarding a violation of his Fourth Amendment Rights during arrest procedures.

Based on Mr. Folks' continued disregard of the Prior Approval Requirement, the Court will reject or summarily dismiss any future motions for postconviction relief without addressing

---

(4) gross miscarriage of justice; and (5) abuse of judicial discretion." *See* D.I. 72. In Mr. Folks' fourth motion for postconviction relief, he alleged: "(1) ineffective assistance of counsel; (2) prosecutorial misconduct for falsification of evidence and other gross misconduct; (3) actual innocence; (4) lack of jurisdiction upon improper indictment and (5) abuse of judicial discretion." *See* D.I. 72; *see also* D.I. 51, 54, 65, 74, 78, 79, 80, 82.

[15] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Sykes*, 2014 WL 619503 *12 (Del. Super. Jan 21, 2014); *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990).

[16] Mr. Folks makes substantially similar claims in the Eighth Motion that were made in previous motions. Mr. Folks does not argue that there is any new evidence that would create a strong inference of his actual innocence. Rather, Mr. Folks reiterates the same arguments made in previous motions.

the arguments raised in the motions unless approved by the Court. Should Mr. Folks wish to file a motion for postconviction relief, Mr. Folks must submit a letter providing a brief basis for the motion to the Court requesting permission to file a motion for postconviction relief.

Accordingly, for the reasons stated above, Mr. Folks' Eighth Motion for Postconviction Relief is procedurally barred and is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ Eric M. Davis
Eric M. Davis, Judge

Original to Prothonotary:
cc:     Joseph Folks